Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
## for the
Northern District of California

San Francisco Division

**CV 17   2604**

Case No. _____

(to be filled in by the Clerk's Office)   **DMR**

SHIRLEY LEE

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

SUTTELL, HAMMER & WHITE, APC,
FKA: SUTTELL & HAMMER, APC, and
Does 1-20

*Defendant(s)*
(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

**FILED #99**
**Pd**
MAY – 5 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# COMPLAINT AND REQUEST FOR INJUNCTION

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
needed.

| | |
|---|---|
| Name | SHIRLEY LEE |
| Street Address | 1848 STOCKTON ST, APT 4 |
| City and County | SAN FRANCISCO, SAN FRANCISCO |
| State and Zip Code | SAN FRANCISCO, CA 94133 |
| Telephone Number | |
| E-mail Address | |

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SUTTELL, HAMMER & WHITE, APC |
| Job or Title *(if known)* | Law Firm |
| Street Address | 10900 NE 8th Street |
| City and County | BELLEVUE, KING |
| State and Zip Code | WASHINGTON 98004 |
| Telephone Number | 425-455-8220 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 USC Section 1692

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual
   The plaintiff, *(name)* _____ , is a citizen of the
   State of *(name)* _____ .

   b.     If the plaintiff is a corporation
   The plaintiff, *(name)* _____ , is incorporated
   under the laws of the State of *(name)* _____ ,
   and has its principal place of business in the State of *(name)*
   _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual
   The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

        b.      If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.      The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.      Where did the events giving rise to your claim(s) occur?

        California & Washington

    B.      What date and approximate time did the events giving rise to your claim(s) occur?

On or about February 8, 2017, March 13, 2017, April 10, 2017 and April 26, 2017
Also, see Plaintiff's Verified Complaint herein.

_____

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. Defendant attempted to collect on an alleged debt that was not first validated.
2. Defendant failed to make a proper respond to Plaintiff's Notices of Dispute.
3. Defendant failed to produce a proper accounting of the alleged debt.
4. Defendants used deceptive and false claims in its attempt to collect an alleged debt. Those claims included demand letters.

_____

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Plaintiff's credit is being damaged by the acts of the Defendant.
Plaintiff continually faces the fear of a court action.
Seeking legal counsel.

_____

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Declaratory judgment deeming Defendant's actions are in violation of law.
Injunctive relief to stop the continuing unlawful administrative and judicial abuses being perpetrated by Defendants against Plaintiff.
Actual damages in the amount of $1,000 for each law violation, pursuant to 15 USC Section 1692(k)
Punitive damages in the amount of $2,000 from Defendant due to Defendant's abuse of process and rights.
Also, see Plaintiff's Verified Complaint herein.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _5/05/17_

Signature of Plaintiff      _Shirley Lee_

Printed Name of Plaintiff   Shirley Lee

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SHIRLEY LEE,

    Plaintiff,                                          Case No.

-v-

SUTTELL, HAMMER & WHITE, APC,
FKA: SUTTELL & HAMMER, APC, and
Does 1-20,

    Defendants.

## VERIFIED COMPLAINT

### I. INTRODUCTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. §1692 ("FDCPA") which prohibits collectors from engaging in deceptive and

unfair practices. Defendant is a "debt collector" under the FDCPA. Defendant had sent

to plaintiff a collection letter which is false and deceptive, thereby violating the FDCPA.

Plaintiff seeks damages and other relief.

### II. JURISDICTION

2. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

VERIFIED COMPLAINT  Page 1 of 13

## III. PARTIES

3. Plaintiff Shirley Lee (hereinafter "plaintiff") is a consumer who resides at 1848 STOCKTON ST, APT 4, San Francisco, CA 94133.

4. Defendant SUTTELL, HAMMER & WHITE, APC (hereinafter "SUTTELL") is a California entity with an office for the regular transaction of business at 10900 NE 8th Street, Bellevue, WA 98004.

5. Defendants Does 1-20 are currently unknown to plaintiff. Complaint will be amended when facts are discovered.

6. SUTTELL regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

7. SUTTELL is "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

8. On February 8, 2017, March 13, 2017 and April 10, 2017, SUTTELL, in an attempt to collect a consumer debt, sent Plaintiff 3 collection letters concerning a debt that was allegedly owed in the amount of $10,323.45. True and correct copies of the letters from SUTTELL to Plaintiff are attached hereto as **Exhibit "A"**.

9. On February 15, 2017, March 21, 2017 and April 14, 2017, Plaintiff sent letters of dispute to Defendant demanding proper and legal validation of the alleged debt. True and correct copies of the letters from Plaintiff to SUTTELL are attached hereto as **Exhibit "B"**.

10. On April 26, 2017, SUTTELL, in an attempt to collect a consumer debt, sent the plaintiff a collection letter concerning a debt that was allegedly owed in the amount of $10,323.45. A true and correct copy of the letter from SUTTELL to plaintiff is attached hereto as **Exhibit "C"**.

11. The April 26, 2017 collection letter from SUTTELL demanded payment arrangements by the consumer and states: "You are hereby notified that, unless payment or satisfactory arrangements for payment are made with our office no later than five (5) days from the date of this letter, a suit will be filed..." And further states "You are notified that the legal action, if filed, could result in a judgment against you..."

12. The statements in and import of the letter to the consumer is that unless payment arrangements are made within thirty (5) days, the consumer should expect legal action as a result.

13. The statements in the April 26, 2017 letter are false and misleading. Failure to respond within five (5) days would not (and did not) result in a legal suit being filed for collection.

14. Plaintiff did not have 5 days to make arrangement for payment. The deadline was false and overstated. No such deadline existed.

15. At the end of the April 26, 2017 collection letter, SUTTELL stated: "This communication is an attempt to collect a debt.." SUTTELL is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

16. On or about May 5, 2017, Plaintiff caused to be sent a Notice of Dispute pursuant to 15 USC. §1692g(b), to Defendant SUTTELL, in which Plaintiff once again demanded validation of the alleged debt. See **Exhibit "D"**.

17. The statements in the collection letter was designed to coerce and intimidate the consumer into prompt payment by false threat of legal action.

18. The collection letter constitute false statements or implications that legal action is imminent within five (5), when such is not the case.

19. Pursuant to 15 USC. §1692g(b), debt collectors are required to properly, and legally validate an alleged debt of a consumer when demanded to do so by the consumer.

## V.  ALLEGATIONS

20. Plaintiff brings this action on her own behalf.

21. There are questions of law or fact. These include:

(a) Whether SUTTELL violated 15 U.S.C. §§1692e, 1692e(5) by misrepresenting the imminence of a lawsuit;

(b) Whether SUTTELL violated 15 U.S.C. §§1692e, 1692e(5) by misrepresenting that the consumer's account would be litigated if payment arrangements are not made within five (5) days;

(c) Whether SUTTELL otherwise violated §1692e by sending out the collection letters complained of, which were false, deceptive or misleading.

(d) Whether SUTTELL was required to properly and legally validate the alleged debt, so that plaintiff could sufficiently dispute the allegations.

22. SUTTELL has failed to properly, and legally provide validation of the alleged debt in question.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

## VI. CAUSE OF ACTION

23. Paragraphs 1 through 22 are incorporated herein.

24. SUTTELL, by mailing or causing to be mailed a collection letter in the form of **Exhibit "C"** to plaintiff, has violated 15 U.S.C. §1692e by using false, deceptive or misleading representations and means in connection with the collection of consumer debt as set forth above.

25. SUTTELL, by mailing or causing to be mailed collection letters in the form of **Exhibits "A"** and **"C"** to plaintiff, had violated 15 USC. §1692g(b) by not properly, timely and legally validating the alleged debt in question.

26. SUTTELL continued collection activity <u>after</u> it received notices of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b).

## VII.   LEGAL ARGUMENT
## VALIDATION

27. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562 (7th Cir. 2004); *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC,* 758 F.3d 777 (6th Cir. 2014); *Pacific Concrete F.C.U. v. Kauanoe,* 62 Haw. 334, 614 P. 936 (1980); *GE Capital Hawaii, Inc v. Yonenaka,* 25 P.3d 807, 96 Hawaii 32, (Conn. Super. 2000); *Twon of Brookfield v. Candlewood Shores Estates, Inc.,* 513 A.2d 1218, 201 Conn. I (1986); *Sasscer v. Donnelly,* No. 3:10cv464, 2011 WL 1522320 (M.D. Pa. Apr. 20, 2011)(validation must match exactly what the debt collector is demanding); *and Solon v. Godbole,* 163 III. App. 3d 845, 114 III. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). Neither the Defendant, nor its client ever complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect, yet continued their collection activities. **A debt collector verifies a debt by**

**providing information that is responsive to the consumer's request.** See H.R. Rep.

No. 31, 95th Cong. 1st Sess. 5 1977. At NO time did the Defendant or its client begin to

attempt to properly and lawfully validate the alleged debt as demanded by Plaintiff.

> "The Court concluded despite the affidavit, the verification response was insufficient because 'Dunham had no way to know when or to whom he had incurred the debt and whether the debt was still owed . . . . Simply repeating second-or third-hand information in the debt collector's file . . . is insufficient under the statute.'"
> *Dunham v. Portfolio Recovery Assocs., LLC*, No. 4:09CV00086 JHL, 2009 WL 3784236, at *2 (E.D. Ark. Nov. 10, 2009) (quoting *Semper v. JBC Legal Group*, No. C04-2240L, 2005 WL 2172377, at *4 (W.D. Wash. Sept. 6, 2005)).

In *Haddad, supra,* (cert denied 133 S.Ct. 1726) the Sixth Circuit expanded the

requirement for how a debt collector must respond to a debtor's request for verification

of a debt under FDCPA. In overturning the District Court, the Circuit determined that the

law firm had not properly verified the debt <u>before</u> resuming collection activity in violation

of 1692g(b). The law firm failed the test because it did not provide information about the

nature of the debt that was in dispute.

> "Such verification cannot be enough under the FDCPA, a statute intended to protect consumers. The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date." *Haddad v. AZDF*, 758 F.3d 777 (6th Cir. 2014)

In announcing this new standard for verification, the Sixth Circuit reviewed other

Circuit's rulings on the same issue and found that those courts had interpreted

"verification" as requiring "nothing more than the debt collector confirming in writing that

the amount being demanded is what the creditor is claiming is owed" and that "the debt

collector is not required to keep detailed files of the alleged debt." *Id.* at * 13-19 (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999); see also, *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006)). However, the Court was quick to point out that in each of those cases and in others the debt collectors had gone beyond the standard verification requirement by sending itemized statements to the debtors which provided sufficient information to allow the consumer to dispute the debt. *Id.* at * 19.

The Sixth Circuit then turned to the 8th Circuit's treatment of verification in *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997 (8th Cir. 2011). There, the debt collector did not obtain additional information from the creditor to verify the debt; it responded to the dispute by confirming the debtor's name, address, last four digits of his social security number, the outstanding balance of the debt, the date the debt was incurred, and the date the current creditor had purchased the debt. *Id.* at * 17. The 6th Circuit explained that the 8th Circuit held that the information provided to the consumer was sufficient verification because it provided enough information to put the consumer on notice that he was not the debtor when he realized that the last four digits of his social security number were different from that of the actual debtor. *Id.* at * 18-19. It was important to the 6th Circuit that although the 8th Circuit declined to set a higher threshold for verification than that in *Chaudhry* and *Clark*, it also noted that "under different facts, perhaps a debt collector must do more than what the debt collector did here." *Id.* at * 19 (citing *Dunham* at 1003).

The Sixth Circuit's verification standard appears similar to that of the 8th Circuit. It seems to have adopted the *Dunham* Court's interpretation of "verification" in which it did

not attach a specific action to "verification" (such as confirming the amount owed) but ruled that "the verification requirement was satisfied where the debtor could sufficiently dispute the payment obligation." *Id.* at * 19-20. The Sixth Circuit's adoption of this standard appears to be driven by its conclusion that what is sufficient for verification "depends on the facts of a particular situation…" *Id.* at *19. In the instant case, the Defendant failed to properly and legally validate the alleged debt.

Although it did not articulate a bright line test for "verification," the Sixth Circuit offered guidance about what it believes would suffice. For example, in those cases where the debtor appears to acknowledge the account belongs to him but disputes owing the balance or any portion of it, the Sixth Circuit stated that "an itemized accounting detailing the transaction in an account that has led to the debt is often the best means of accomplishing that objective." *Id.* at * 19. Then the Sixth Circuit, stating that it believed it was making the debt collector's job easier, said that the information used to verify a debt "does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on certain date." *Id.* at * 19.

Debt collectors must address several issues in light of *Haddad* to ensure their compliance management systems are updated to meet this new verification standard and otherwise comply with Section 1692g(b). First, because credit reporting may be considered collection activity, debt collectors should not furnish information to the credit reporting agencies until the validation/verification period has expired and the debt collector has not received a dispute. Then the debt collector won't have to request

deletion of the trade-line to avoid violating § 1692g(b) in the event it cannot validate the account.

Second, the debt collector must determine the nature of the dispute to know whether proper verification can be provided. The Sixth Circuit's somewhat flexible standard allows for different types of verification depending on the nature of the dispute. For example, where a person claims he is not the debtor but does not provide identification sufficient to support his claim, the debt collector could provide summary information about the account and the last four digits of the responsible party's social security number. Such notice would allow the person to determine that he is, in fact, not the debtor the collector is seeking.

That type of verification will clearly not suffice in response to a debtor who is the right person but disputes the balanced owed, or any portion of it. Verification of that debt will most likely require "an itemized accounting detailing the transaction in an account that has led to the debt." If the debt collector is unsure of the nature of the dispute, nothing prevents it from trying to find out more about the dispute provided the debt collector does not try to collect (including furnishing information to the credit reporting agencies) the debt in the interim. And, of course, there is always the option of closing the account in response to the dispute as permitted by §1692g(b).

Pursuant to 15 U.S.C. §1692g(b), if the consumer notifies the debt collector in writing within thirty (30) days after receipt of an initial communication from debt collector that the debt is disputed, "the debt collector **shall cease** collection of the debt…until the debt collector obtains verification of the debt…and a copy of such verification…is mailed to the consumer." (Emphasis added) As stated by the Sixth Circuit in *Purnell v. Arrow*

*Financial Services LLC*, 303 Fed.Appx. 297, 304 (2008), a debt collector who receives a demand for verification "has a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume collection activities once the requested validation has been provided. We find that the language of §1692g(b) dictates that each 'failure' to cease' collection activity without having validated the debt – like each 'communication' of false credit information under §1692e(8) – presents a discrete claim for violation of the FDCPA..." In the instant case, Defendant violated the FDCPA by not validating the alleged debt prior to the threat to file a judicial action against Plaintiff. See *Haddad v. AZDF*, 758 F.3d 777 (6th Cir. 2014).

28.     As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." The argument of no duty to send a validation letter fails in light of the fact that Defendants did NOT provide validation of the alleged debt.

29.     The fact that Defendants made a faulty presumption that they are not required to validate the debt and violated 15 U.S.C. §1692 does not excuse them from liability under a bona fide error defense as stated in *Jerman v. Carlisle,* 559 U.S. 573 (2010), and other well established case law.

## STATUTE CONSTRUED

### A.   THE FDCPA IMPOSES A STRICT LIABILITY STANDARD

30.     The FDCPA, 15 U.S.C. §1692, et seq., is a strict liability statute, *Taylor v. Perrin, et al*, 103 F.3d 1232 (5th Cir. 1997); see also *Irwin v. Mascott*, 112 F.Supp. 2d 937 (N.D. Cal. 2000), *Pitman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F.Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show

intentional conduct by the debt collection to be entitled to damages." *Russell v. Equifax A.R.S.* 74 F.3d 30, 33-34 (2nd Cir. 1996)

### B.  THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS

31.     The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.,* 310 F.3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). See e.g., *Pfennig v. Household Credit Servs., Inc.*, 286 F.3d 340, 344 (6th Cir.2002) (TILA); *Rossman v. Fleet Bank Nat'l Assoc.*, 280 F.3d 384, 390 (3d Cir.2002) (TILA); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir.1998) (TILA); *Plummer v. Gordon*, 193 F.Supp.2d 460, 463 (D.Conn. 2002) (FDCPA); *Ross v. Commercial Fin. Servs.*, 31 F.Supp.2d 1077, 1079 (N.D.Ill. 1999) (FDCPA); *Harrison v. NBD, Inc.,* 968 F.Supp. 837, 844 (E.D.N.Y.1997)(FDCPA).

### C.  THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT

32.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of a debt by third parties. See 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates it provisions, and established general standards of debt collector

conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. §1692k.

The operative provisions of the FDCPA declare certain rights to be provided to or

claimed by debtors, forbid deceitful and misleading practices, both generally and in a

specific list of disapproved practices, and prohibit harassing and abusive tactics both

generally and in a specific list of disapproved practices. See §1692e(10): "The use of

any false representation or deceptive means to collect or attempt to collect any debt..."

SUTTELL caused to be sent collection letters, (a communication) in deceptive form in

violation of 15 U.S.C. §1692j. Defendant SUTTELL, as admitted debt collectors are

prohibited in bringing a legal action, and are in violation of 15 U.S.C. §1692i(b).

WHEREFORE, plaintiff prays that this Court enter a judgment for plaintiff, against

SUTTELL by:

(a) adjudging that SUTTELL violated the FDCPA;

(b) awarding statutory damages to plaintiff provided by 15 U.S.C. §1692k,, in the

amount of $1,000.00;

(c) awarding plaintiff costs and reasonable attorney's fees;

(d) granting such other relief as may be deemed just and proper;

Plaintiff reserves the right to amend this Complaint when it becomes necessary.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted this ___5th___ day of ___May___, 2017.

_____
Shirley Lee, Plaintiff, In Pro Per

VERIFIED COMPLAINT  Page 12 of 13

## VERIFICATION

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

I have read the foregoing Complaint, and knows its contents.

I am the Plaintiff, a party to this action, and am authorized to make this verification. The matters stated in the foregoing document are true and of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Shirley Lee_
Shirley Lee, Plaintiff, In Pro Per

VERIFIED COMPLAINT  Page 13 of 13